IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE CHIQUITO PINARGOTE,

                              Petitioner,

   v.

OXFORD'S WARDEN,

                              Respondent.

OPINION and ORDER

25-cv-321-jdp

---

     Petitioner Jose Chiquito Pinargote, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Chiquito Pinargote contends that Bureau of Prison officials have unlawfully denied him earned-time credit under the First Step Act (FSA) that, if applied, would shorten his incarceration. Chiquito Pinargote is the subject of an expedited order of removal issued under 8 U.S.C. § 1225(b)(1), which respondent contends precludes the application of earned-time credit to his sentence. Chiquito Pinargote contends that the expedited order of removal is invalid and, therefore, does not preclude the application of his earned-time credit.

     Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). Judicial review of expedited orders of removal under § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2). Chiquito Pinargote's petition does not fit within the scope of allowable petitions, and the FSA prohibits the BOP from applying his earned-time credit to his sentence because he's the subject of a final order of removal. I will dismiss the petition in part for lack of jurisdiction and otherwise deny it.

BACKGROUND

Chiquito Pinargote is a native and citizen of Ecuador. Dkt. 8-8 at 2. In July 2018, Chiquito Pinargote was sentenced in the Middle District of Florida to 120 months' imprisonment following his guilty plea to maritime drug offenses. *See United States v. Chiquito Pinargote*, 18-cr-56, Dkt. 82 (M.D. Fla.). Chiquito Pinargote is incarcerated at FCI Oxford and has a release date of September 23, 2026.

In July 2024, the Department of Homeland Security issued a notice and order of expedited removal against Chiquito Pinargote. Dkt. 8-8 at 2. The order states that Chiquito Pinargote is inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because: (1) he's a native and citizen of the Dominican Republic; and (2) he lacks valid entry documentation. *See id.*

ANALYSIS

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). But the FSA prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

Chiquito Pinargote is subject to an expedited order of removal issued under § 1225(b)(1), but judicial review of such orders is limited to the issues defined in § 1252(e)(2):

> (2) Habeas corpus proceedings
>
>> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>>
>> (A) whether the petitioner is an alien,
>>
>> (B) whether the petitioner was ordered removed under such section, and
>>
>> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2). Chiquito Pinargote does not contend, and the record does not reflect, that any of these provisions applies.

Chiquito Pinargote argues that his expedited order of removal is invalid because immigration officials did not follow the required legal procedures to obtain it. He also argues that the expedited order of removal is not final because he's expressed a fear of persecution and torture. But this court lacks jurisdiction to hear these arguments under § 1252(a) because they are outside the scope of § 1252(e)(2). Also, there's no evidence that immigration proceedings are pending. *See Hurtado v. Warden, FCI Oxford*, No. 24-cv-796-wmc, 2025 WL 472742, at *2 (W.D. Wis. Jan. 14, 2025) ("Unless and until petitioner prevails in proceedings before the immigration courts or a court of appeals, his expedited order of removal remains valid.").

The evidence shows that Chiquito Pinargote is the subject of a final order of removal. The FSA thus prohibits the BOP from applying his earned-time credits to his sentence. I will dismiss the petition in part for lack of jurisdiction and otherwise deny it.

3

ORDER

IT IS ORDERED that:

1. Petitioner Jose Chiquito Pinargote's petition, Dkt. 1, is DISMISSED in part for lack of jurisdiction and otherwise DENIED.

2. The clerk of court is directed to enter judgment and close the case.

Entered September 5, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge